UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FUTURE FUND, INC.,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>NEW YORK STATE BOARD OF<br>ELECTIONS, et al.,<br><br>                              Defendants. | 25 Civ. 8151 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

On October 29, 2025, Plaintiff American Future Fund, Inc. filed a Notice of Interlocutory Appeal, ECF No. 36, of the Court's October 28, 2025 Opinion & Order, ECF No. 35 (the "Order"), denying Plaintiff's motion for a preliminary injunction for failure to show a likelihood of success on its as-applied constitutional challenges to New York Election Law Sections 14-100, 14-106, 14-107, *et seq*. (Statute) and title 9, New York Codes, Rules and Regulations, Section 6200.10 (Regulation). *See generally* Order. Specifically, with respect to Plaintiff's vagueness challenge, the Court determined that, "within sixty days of an election,"[1] the challenged portion of the Regulation "ha[d] no force," and "[t]he question of whether [] [Plaintiff's Proposed] [A]dvertisement[s] 'advocate[d] for or against' a clearly identified candidate would not be reached." *Id.* at 16 (internal citations and quotations omitted). With respect to its First Amendment challenge, the Court held that "the relevant provisions of the Statute f[e]ll 'within the scope of regulation permitted under *Citizens United* [*v. Fed. Election Comm'n*, 558 U.S. 310 (2010)]' and were 'directly related to the State's informational interest.'" *Id.* at 19 (internal citations and quotations omitted). On December 18, 2025, Defendants Kathleen C. Hochul,

---

[1] Plaintiff filed its motion 30 days before the New York City General Election and three weeks before early voting. *Id* at 8.

Letitia A. James, Michael L Johnson, and New York State Board of Elections (collectively, "Defendants") moved to dismiss the Complaint.  ECF No. 43.  Before the Court is Plaintiff's letter-motion seeking (1) an order staying further proceedings pending resolution of Plaintiff's interlocutory appeal or, in the alternative, (2) a 21-day extension of Plaintiff's deadline to respond to Defendants' motion to dismiss.  ECF No. 46 (Pl.'s Ltr.-Mot.).  For the reasons stated below, Plaintiff's request for a stay pending appeal is GRANTED.

## LEGAL STANDARDS

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see New York State NOW v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989).  Further, "'[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Flo & Eddie, Inc v. Sirius XM Radio Inc*., No. 13 Civ. 5784 (CM), 2015 WL 585641, at *4 (S.D.N.Y. Feb. 10, 2015) (quoting *Nederlandse Erts–Tankersmaatschappij, N.V. v. Isbrandtsen Co*., 339 F.2d 440, 441–42 (2d Cir. 1964)).

## DISCUSSION

Here, "judicial economy strongly favors staying the proceedings pending resolution of the legal question[s] at the core of this action."  *Id.* (granting stay following certification of interlocutory appeal).  Defendants' motion to dismiss concerns many of the same issues raised in Plaintiff's interlocutory appeal, including "whether Plaintiff has Article III standing, whether Plaintiff's claims are moot, and whether New York's disclosure and registration regime is unconstitutionally vague and violates the First Amendment."  Pl.'s Ltr.-Mot. at 2.  Given that

2

Plaintiff's appeal divests this Court of jurisdiction over "aspects of the case involved in the appeal," *Griggs*, 459 at 58, the Court "concludes that, in the interests of judicial economy and to avoid inconsistent rulings, . . . a 'stay is desirable.'" *Yes I CAN Licensed Behav. Analyst PLLC v. Green Tree Capital LLC*, No. 24 Civ. 7360 (PAE), ECF No. 59 (S.D.N.Y. May 1, 2025) (quoting *Terry*, 886 F.2d at 1350) (staying case "pending the Second Circuit's resolution of the interlocutory appeal" of denial of preliminary injunction motion); *see Broker Genius Inc. v. Seat Scouts LLC*, No. 17 Civ. 8627 (SHS), 2019 WL 452050, at *3 (S.D.N.Y. Feb. 5, 2019) (determining that "th[e] Court d[id] not have jurisdiction to change the amount of the bond" where an appeal of the Court's decision "increasing the amount of the bond [wa]s pending"). "As there will likely be overlap between" the remaining issues for this Court to decide and those before the Second Circuit, a stay of the entire action is "merited pending resolution of Defendants' appeal." *Edrei v. City of New York*, No. 16 Civ. 1652 (RWS), 2017 WL 3822744, at *2 (S.D.N.Y. Aug. 31, 2017) (staying state law claims that "turn[ed] on" the same findings as, and "overlap[ped]" with, the federal law claims at issue on appeal).

## CONCLUSION

In view of the foregoing, this case is hereby stayed pending the Second Circuit's resolution of Plaintiff's interlocutory appeal of the Order. Plaintiff's opposition to Defendants' motion to dismiss shall be due two weeks after any stay is lifted, and Defendants' reply shall be due one week thereafter.

3

The Clerk of Court is directed to terminate ECF No. 46.

SO ORDERED.

Dated:    December 31, 2025
          New York, New York

_____
JENNIFER H. REARDEN
United States District Judge